UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JORDAIN BRASSEAUX** | **CASE NO. 6:24-CV-00144** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTHERN ALABAMA MARINE LOGISTICS, L.L.C., ET AL.** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## RULING

Before the Court is a Motion to Set Aside Default filed by Defendants Southern Alabama Marine Logistics, L.L.C., Crescent Marine Logistics, LLC, Kenneth J. Noel, and Devin Noel.[1] Pursuant to the motion, Defendants request the Court to set aside the default entered by the clerk on September 26, 2024.[2] For the reasons that follow, the motion is GRANTED. As such, Plaintiff Jordain Brasseaux's Motion for Default Judgment is DENIED as MOOT.[3]

## I.
### BACKGROUND

The present case involves a claim under general maritime law and the Jones Act, 46 U.S.C. § 30104. Defendants Southern Alabama Marine Logistics, L.L.C. and Crescent Marine Logistics, LLC ("the Corporate Defendants") operate a joint dredging operation with joint employees, crews, and supervisory personnel.[4] Plaintiff Jordain Brasseaux was employed by the Corporate Defendants and assigned to work aboard the dredge.[5] He alleges that on or about February 3, 2021, the Corporate Defendants instructed the crew of the dredge to inspect and test a crew boat that they

---

[1] ECF No. 32.
[2] *Id.* at 1.
[3] ECF No. 30.
[4] ECF No. 1 at 1.
[5] *Id.* at 2.

1

had leased.[6] The crew boat was operated by Defendant Kenneth J. Noel and supervised by Defendant Devin Noel ("the Individual Defendants").[7] Plaintiff alleges that the Individual Defendants operated the crew boat dangerously in unstable conditions, resulting in Plaintiff being thrown to the ground and sustaining severe injuries.[8]

Plaintiff filed his Complaint against Defendants on February 1, 2024.[9] Defendant Southern Alabama Marine Logistics, L.L.C. was served on February 27, 2024.[10] After repeated unsuccessful attempts to serve process on the Individual Defendants, who are believed to be living and working in Mexico indefinitely,[11] the Magistrate Judge granted Defendants' motion to appoint Blake Jones, attorney and corporate officer of the Corporate Defendants, as service representative for the Individual Defendants on June 6, 2024.[12] Defendant Crescent Marine Logistics, LLC and the Individual Defendants were served through Mr. Jones on June 12, 2024.[13] With no responsive pleadings filed by Defendants, Plaintiff moved for Entry of Default on September 25, 2024[14] and the clerk entered the default on September 26, 2024.[15] On July 24, 2025, the Court noticed its intent to dismiss the case for failure to prosecute within six months.[16] That day, Plaintiff filed a Motion for Default Judgment against Defendants for failure to file responsive pleadings within 21 days after the date of service.[17] On August 14, 2025, Defendants filed a Memorandum in

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] ECF No. 1.
[10] ECF No. 15 at Exhibit No. 8. The Court notes that the proof of service for Southern Alabama Marine Logistics, L.L.C. does not contain an original signature.
[11] ECF No. 15 at 1-3.
[12] ECF No. 18.
[13] ECF Nos. 22-24.
[14] ECF No. 27.
[15] ECF No. 28.
[16] ECF No. 29.
[17] ECF No. 30.

Opposition to the Motion for Default Judgment[18] and a Motion to Set Aside Default, arguing that good cause exists to set aside the clerk's entry of default.[19]

## II.
## LEGAL STANDARD

Under Rule 55(c) of the Federal Rules of Civil Procedure, a court may set aside an entry of default for good cause.[20] "[B]ecause defaults are extreme sanctions reserved for rare occasions, doubts as to whether or not a defendant has shown good cause should be resolved in favor of setting aside the default."[21] As such, "good cause" has "generally been interpreted liberally."[22] Additionally, "while a motion to set aside an entry of default is similar to a motion to set aside a default judgment under Rule 60(b)," a motion to set aside an entry of default "is more readily granted than a motion to set aside a default judgment."[23]

The determination of whether "good cause" exists is left to the sound discretion of the court.[24] "Good cause" is "not susceptible of precise definition, and no fixed, rigid standard can anticipate all of the situations that may occasion the failure of a party to answer a complaint timely."[25] The Fifth Circuit has found it useful to consider three factors in the determination of good cause: "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented."[26] Disposition of all three factors is not

---

[18] ECF No. 33.
[19] ECF No. 32.
[20] Fed. R. Civ. P. 55(c); *Lacy v. Sitel Corp.*, 227 F.3d 290, 291-92 (5th Cir. 2000).
[21] *Glob. Safety Mgmt., LLC v. Glob. Safety Mgmt.*, No. CV 6:14-2194, 2016 WL 1275336, at *2 (W.D. La. Feb. 29, 2016) (citing *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir.1998).
[22] *Effjohn Int'l Cruise Holdings, Inc. v. Enchanted Isle MV*, 346 F.3d 552, 563 (5th Cir. 2003) (citation and internal quotation marks omitted).
[23] *Glob. Safety Mgmt.*, 2016 WL 1275336, at *2 (quoting *In re OCA, Inc.*, 551 F.3d 359, 370 (5th Cir. 2008)).
[24] *United States v. One Parcel of Real Property*, 763 F.2d 181, 183 (5th Cir.1985).
[25] *Matter of Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992).
[26] *Lacy*, 227 F.3d at 292 (citations omitted).

required and other factors may be considered, including whether "the defendant acted expeditiously to correct the default."[27] The factors "should be viewed against the background principles that cases should, if possible, be resolved on the merits and that defaults are generally disfavored."[28]

Whether a defendant's failure to timely answer was willful is a finding of fact for the district court to determine.[29] A "finding of willful default ends the inquiry, for when the court finds an intentional failure of responsive pleadings there need be no other finding."[30] "Willfulness is defined as an intentional failure to respond to litigation."[31] When a defendant fails to respond due to its own neglect, the defendant has the burden to show that its neglect was excusable, rather than willful, by a preponderance of the evidence.[32]

As for prejudice to the adversary, there is no prejudice to the plaintiff when setting aside the default causes no harm except to require the plaintiff to prove its case or to delay any potential recovery.[33] The plaintiff must show that setting aside the default judgment will result in "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion."[34]

### III.
#### ANALYSIS

Turning to the three factors outlined by the Fifth Circuit, Plaintiff presents no argument that he would suffer prejudice if the entry of default is set aside. Defendants have also presented no

---

[27] *Id.*; *Matter of Dierschke*, 975 F.2d at 183-84.
[28] *Glob. Safety Mgmt.*, 2016 WL 1275336, at *2 (citing *Lacy*, 227 F.3d at 292).
[29] *CJC Holdings, Inc. v. Wright & Lato, Inc.*, 979 F.2d 60, 64 (5th Cir. 1992).
[30] *Vaughn v. Neb. Furniture Mart, L.L.C.*, No. 20-10775, 2021 WL 3775313, at *2 (5th Cir. Aug. 25, 2021) (per curiam) (citation and internal quotation marks omitted).
[31] *Id.* (citing *In re OCA, Inc.*, 551 F.3d at 370 n.32).
[32] *Id.* (citing *In re Chinese Manufactured Drywall Prod. Liab. Litig.*, 742 F.3d 576, 594 (5th Cir. 2014)).
[33] *Lacy*, 227 F.3d at 293 (citation omitted).
[34] *Id.* (citation and internal quotation marks omitted).

meritorious defense to Plaintiff's allegations in the Complaint. Accordingly, the Court's inquiry focuses on the factor of willfulness.

As previously noted, Defendant Southern Alabama Marine Logistics, L.L.C. was served on February 27, 2024,[35] and the remaining Defendants were served through their service representative, Mr. Jones, on June 12, 2024.[36] Though Mr. Jones has been on notice of the suit since June of 2024, he failed to make any filings until August of 2025. Defendants also did not act expeditiously to correct the default, filing their Motion to Set Aside Default only after the Court noticed its intent to dismiss the case for failure to prosecute—over six months after default was entered by the clerk.

Nonetheless, the Court finds that there are other factors in the record that weigh against a finding of willfulness. The Individual Defendants are alleged to have been central participants in the incident that is the subject of this suit, but they have been unavailable in Mexico since at least February of 2024. It would likely be impracticable for Defendants to litigate the case without their assistance in providing information and responding to the Complaint. Due to circumstances outside of their control, Defendants have been unable to fully investigate the relevant facts (regarding events from several years ago) necessary to answer the Complaint. Despite these hurdles, Defendants filed their Motion to Set Aside Default, have responded to Plaintiff's Motion for Default Judgment, and are willing to file pleadings that are responsive to the Complaint so that the case may proceed on its merits.[37] Keeping in mind that defaults are generally disfavored and that

---

[35] ECF No. 15 at Exhibit No. 8.
[36] ECF Nos. 22-24. This situation is unique in that the Individual Defendants are believed to have been living and working in Mexico since at least February of 2024. *See* ECF No. 15 at 1-3. It is unclear whether their court appointed service representative, Mr. Jones, has been in contact with them or whether they are even aware that the suit is taking place. However, because the parties have not addressed the validity of service, the Court will not address it here.
[37] ECF No. 32 at 5.

5

this case has only been open for less than two years, these circumstances weigh against any finding that Defendants' default was willful.

## IV.
### CONCLUSION

For the reasons set forth above, Defendants' Motion to Set Aside Default [ECF No. 32] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment [ECF No. 30] is DENIED as MOOT. However, if Defendants cause any further unwarranted delay, Plaintiff may seek appropriate relief at that time. Additionally, to prevent further delay, the Court ORDERS that Defendants file an Answer to the Complaint within 14 days of this Order.

THUS DONE in Chambers on this 18th day of September, 2025.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE