CAUSE NO. 6:24-CV-00144

| | | |
|---|---|---|
| JORDAIN BRASSEAUX, | ) | UNITED STATES DISTRICT COURT |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | WESTERN DISTRICT OF LOUISIANA |
| | ) | |
| | ) | |
| SOUTHERN ALABAMA MARINE | ) | |
| LOGISTICS LLC ET AL., | ) | |
| | ) | JUDGE SUMMERHAYS |
| Defendants | ) | MAGISTRATE JUDGE WHITEHURST |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**

COMES NOW, Plaintiff Jordain Brasseaux and, pursuant to FED. R. CIV. P. 15(a)(1), respectfully submits his First Amended Complaint against Defendants, and would respectfully show this Court as follows:

## PARTIES

1.  Plaintiff Jordan Jordain Brasseaux ["Brasseaux"] is a Louisiana citizen, residing at 1029 Pat Street, Arnaudville, Louisiana 70512-3548.

2.  Southern Alabama Marine Logistics, L.L.C. ["Southern Alabama"] is Louisiana limited liability company that can be served through its registered agent, Lawrence Blake Jones, who is located at 701 Poydras Street, Suite 4100 in New Orleans, Louisiana 70139.

3.     Crescent Marine Logistics, LLC ["Crescent Marine"] is a Louisiana limited liability company that can be served through its registered agent, Kenneth Noel, who is located at 830 Fusilier Road in Arnaudville, Louisiana 70512.

4.     Kenneth J. Noel ["Operator"] is a Louisiana citizen domiciled at 830 Fusilier Road in Arnaudville, Louisiana 70512.

5.     Devin Noel ["Supervisor"] is a Louisiana citizen domiciled at 830 Fusilier Road in Arnaudville, Louisiana 70512.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1333 because it involves admiralty and maritime claims under the Jones Act (46 U.S.C. § 30104) and general maritime law. Plaintiff designates this action as an admiralty or maritime claim within the meaning of FED. R. CIV. P. 9(h). Plaintiff elects a non-jury trial. This Court also has subject matter jurisdiction under 28 U.S.C. § 1331 as this case arises under federal law.

7.     This Court has general personal jurisdiction over the Defendants because Louisiana is the Defendants' home State. Defendants' contacts with Louisiana are systematic and continuous.

2

PATRICK DANIEL LAW

8.    Venue is proper in the United States District Court for the Western District of Louisiana pursuant to 28 U.S.C. § 1391(b)(2) and 28 U.S.C. § 1406(a). All Defendants are Louisiana residents.

9.    Operator and Supervisor are Louisiana citizens, residing at 830 Fusilier Road in Arnaudville, Louisiana 70512. Arnuadville, LA is in St. Landry Parish, which is within the Western District.

10.    Because all Defendants are Louisiana residents, and Supervisor, Operator, and Crescent Marine reside in this judicial district—though only one need to reside here—this is the appropriate venue. *See* 28 U.S.C. § 1391(b)(2).

## FACTS COMMON TO ALL COUNTS

11.    Southern Alabama and Crescent Marine [collectively "Employers"] operated a joint dredging operation with joint employees, crews and supervisory personnel.

12.    Employers were performing work aboard a dredge boat ["the Dredge"] that was operating in the navigable waterways of Sabine Pass River in Port Arthur, Texas.

13.    Brasseaux was Employers' employee and was assigned to work aboard the Dredge.

3

PATRICK DANIEL LAW

14. Plaintiff was a seaman and a member of the crew of the Dredge.

15. On or about February 3, 2021, Employers—controlled and supervised by the Operator and Supervisor—took the crew of the Dredge to inspect and test a crew boat ["vessel"] that they had leased.

16. Operator was driving the vessel with the assistance and guidance of Supervisor under extreme conditions with turbulent and violent waves making the vessel unseaworthy and exposing the crew and Brasseaux to injury.

17. Operator was driving the vessel at an excessive rate of speed while being observed by Supervisor.

18. Supervisor encouraged and directed Operator to continue to operate the vessel wildly and dangerously. Plaintiff and other crew members requested that the Operator and Supervisor reduce the vessel's speed.

19. Operator and Supervisor did not reduce their speed and the vessel was unstable and Plaintiff was thrown to the deck, resulting in severe injuries.

4

PATRICK DANIEL LAW

20.    Defendants through their actions or inaction caused and contributed to Plaintiffs' damages by:

a.    Failing to provide a safe place to work;

b.    Failing to provide a seaworthy vessel;

c.    Failing to operate the vessel safely;

d.    Failing to warn of unsafe and/or unseaworthy conditions;

e.    Failing to provide an adequate and/properly trained crew;

f.    Failing to train and supervise its employees, agents and representatives;

g.    Failing to follow applicable safety guidelines and regulations;

h.    Failing to comply with working time regulations; and

i.    Failure to discover hazardous conditions aboard the vessel;

j.    Failure to warn of known hazardous conditions aboard the vessel;

5

PATRICK DANIEL LAW

k.     Failure to intervene to correct unsafe and hazardous conditions aboard the vessel;

l.     Gross, willful and wanton disregard for safety of Plaintiff; and

m.     Other acts and/or omissions which may be shown at trial on this matter;

## COUNT I
## JONES ACT (46 U.S.C. § 30104) NEGLIGENCE

21.     Plaintiff incorporates ¶¶ 1 to – as if fully set out herein

22.     Plaintiff was a seaman.

23.     Employers employed Plaintiff.

24.     Employers' were negligent in the operation of the vessel, namely by operating the vessel at excessive speeds in dangerous conditions.

25.     Employers' negligence caused Plaintiff's injuries.

26.     Pursuant to the General Maritime Law of the United States of America, Employers have the absolute and nondelegable duty to provide Plaintiff with maintenance and cure benefits from the date he was rendered unfit for duty until maximum cure is achieved.

6

PATRICK DANIEL LAW

27.   As a result of the aforementioned injury aboard the vessel, Plaintiff was rendered unfit for duty.

28.   Employers are indebted to Plaintiff for past and future maintenance and cure benefits due from the date Plaintiff was rendered unfit for duty until maximum cure is achieved.

29.   Plaintiff supplied Employers with medical reports establishing that Plaintiff is in need of medical treatment and diagnostic testing. Nevertheless, Employers have arbitrarily, capriciously and without any cause refused to provide maintenance and cure to Plaintiff.

30.   As a result of the Employers' refusal of to provide maintenance and cure, Plaintiff sustained damages and is further entitled to punitive damages and attorneys' fees.

31.   As a result of Employers' gross, willful and wanton misconduct, Plaintiff sustained damages and is further entitled to punitive damages and attorneys' fees.

32.   A currently unidentified insurance company ["Insurer"] issued a policy of insurance to Defendants that provides coverage for the accident and injuries suffered by Plaintiff.

PATRICK DANIEL LAW

## COUNT II
## JONES ACT (46 U.S.C. § 30104) UNSEAWORTHINESS

33. Plaintiff incorporates ¶¶ 1 to – as if fully set out herein.

34. The Defendants' vessel was unseaworthy for the conditions.

35. The Operator and Supervisor were an inadequate crew and operators. They were improperly trained. They improperly operated the vessel. They breached Coast Guard and OSHA regulations.

36. All Defendants operated the vessel.

37. These unseaworthy conditions substantially contributed to Plaintiff's injuries.

## DAMAGES

38. Plaintiff suffered damages as follows:

   a.   Failing to pay maintenance and cure;

   b.   Medical Expenses;

   c.   Loss of earnings and impaired earning capacity;

   d.   Physical pain and suffering;

   e.   Humiliation;

   f.   Shame;

   g.   Embarrassment;

   h.   Isolation;

8

PATRICK DANIEL LAW

i.     Despair;

j.     Loss of Mobility;

k.     Mental distress, worry and anxiety;

l.     Emotional trauma and insecurity;

m.     Permanent disability and inconvenience;

n.     Scarring and disfigurement;

o.     Loss of enjoyment of life;

p.     Punitive and Exemplary Damages;

q.     Attorney's Fees;

r.     Legal interest from the date of judicial demand; and

s.     All costs of court and expenses incurred in the prosecution of this litigation

## PRAYER

39. Plaintiffs pray that:

a.     They be granted a trial by jury;

b.     Defendants be duly cited and served with a copy of this Amended Petition for Damages;

c.     After all legal delays and due proceedings be had, there be judgment rendered herein in favor of Plaintiffs and against

9

PATRICK DANIEL LAW

Defendants, jointly, severally and *in solido*, in the full and true sum of an amount reasonable in the premises to be proven at the trial, including damages for bodily injury, property damage, pain and suffering, mental anguish, and on the merits of this matter, plus legal interest thereon from the date of judicial demand until paid and for all costs of these proceedings, and for all other just and equitable relief; and

d.    They be given Notice of Judgment, Trial and all steps and action taken in this litigation pursuant to the Federal Rules of Civil Procedure.

e.    Defendants are indebted jointly, severally and *in solido*, unto Plaintiffs for an amount reasonable in the premises and all costs of these proceedings, plus legal interest from the date of judicial demand until paid.

RESPECTFULLY:

**PATRICK DANIEL LAW**

10

**PATRICK DANIEL LAW**

PATRICK DANIEL

TRIAL ATTORNEY  COUNSEL FOR PLAINTIFF(S)

| LOUISIANA | TEXAS | WISCONSIN |
|---|---|---|
| BAR NUMBER 27753 | BAR NUMBER 24089305 | BAR NUMBER:1117666 |

CERTIFICATE OF SERVICE

THIS PLEADING WAS SERVED ON ALL COUNSEL OF RECORD VIA ELECTRONIC SERVICE on October 14, 2025

MAILING | 7941 KATY FREEWAY, BOX 791; HOUSTON, TEXAS 77024

PHYSICAL | 4801 WOODWAY DRIVE, SUITE 440-W, HOUSTON, TEXAS 77056

11

PATRICK DANIEL LAW