# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JORDAIN BRASSEAUX** | **CASE NO. 6:24-CV-00144** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTHERN ALABAMA MARINE LOGISTICS LLC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is the Rule 12(b)(6) and Rule 12(b)(3) Motion to Dismiss, Alternative Motion to Transfer, filed by Defendants, Southern Alabama Marine Logistics, LLC, Crescent Marine Logistics, LLC, Kenneth Noel and Devin Noel. (Rec. Doc. 49). Plaintiff opposed the motion. (Rec. Doc. 57). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the Court's standing orders. Considering the evidence, the law, and the parties' arguments, and for the following reasons, the Court recommends that Defendants' motion be granted in part and denied in part.

## Facts and Procedural History

Plaintiff filed this Jones Act suit in February 2024 against the four named Defendants following an alleged February 2021 incident. He alleges that while among the crew of a dredge vessel, he was thrown to the ground due to the operator

and supervisor's excessive speed and the vessel's instability. He alleges seaman status and seeks maintenance and cure and damages. (Rec. Doc. 1).

Following substantial delays due to Plaintiff's inability to serve defendants and a later reversed default (Rec. Doc. 37-38), in response to Defendants' initial motion to dismiss, Plaintiff filed an amended complaint. (Rec. Doc. 47). Defendants now move to dismiss the individual defendants, Kenneth Noel and Devin Noel, alleged to be the operator and supervisor, respectively, and to dismiss the case for improper venue, and alternatively seeking transfer to the Eastern District of Louisiana.

## Law and Analysis

### I. Motion to Dismiss Individual Defendants.

The individual Defendants, Devin Noel and Kenneth Noel, move to dismiss Plaintiff's claims pursuant to F.R.C.P. Rule 12(b)(6). When considering a motion to dismiss for failure to state a claim, the district court must limit itself to the contents of the pleadings, including any attachments and exhibits thereto. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir.2000); *U.S. ex rel. Riley v. St. Luke's Episcopal Hosp.,* 355 F.3d 370, 375 (5th Cir.2004). The court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff. *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir.2007). Conclusory allegations and unwarranted deductions of fact are not accepted as true. *Kaiser*

*Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Collins v. Morgan Stanley*, 224 F.3d at 498. The law does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). The allegations must be sufficient "to raise a right to relief above the speculative level," and "the pleading must contain something more …than…a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* at 555 (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004)).

The Jones Act provides an injured seaman a cause of action against his employer. The law is well-settled that "[a] seaman may not recover against a co-employee for negligence." *Hussaini v. Marine Transp. Lines, Inc.,* 158 F.3d 584 (5th Cir. 1998), citing *Roth v. Cox,* 210 F.2d 76, 78 (5th Cir.1954), *aff'd,* 348 U.S. 207 (1955). "Moreover, an action under the GML for breach of the warranty of unseaworthiness and for maintenance and cure exists only against vessel owners or operators." *Pearson v. Rowan Companies, Inc.,* 674 F. Supp. 558, 559–60 (E.D. La. 1987), citing *Vincent v. Penrod Drilling Co.,* 372 So.2d 807 (La.App.3d Cir.1979), *writ denied,* 375 So.2d 646 (La.1979); *Stallworth v. McFarland*, 350 F. Supp. 920, 928 (W.D. La. 1972), *aff'd,* 493 F.2d 1354 (5th Cir. 1974) ("It is only the owner or operator of a vessel who owes a seaman the obligation to provide a seaworthy

3

vessel."). As a special class of claims, maritime claims are only permissible against co-employees for intentional torts. *Pearson,* 674 F. Supp. At 561-62.

Plaintiff alleges Southern Alabama and Crescent Marine operated a joint dredging operation with joint employees, crews, and supervisory personnel, and that he was their employee assigned to work aboard their dredge boat. (Rec. Doc. 47, ¶11-14). Plaintiff asserts that on the date of accident, "Employers—controlled and supervised by the Operator and Supervisor," who the Amended Complaint defines respectively as Kenneth Noel and Devin Noel, took the dredge to inspect a crew boat when the accident occurred. (¶4; 5; 15 *et seq*). The allegations show that the Noels were neither Plaintiff's employer, the owner, nor operator (in the legal sense) of the vessel. That the complaint refers to Kenneth Noel as "the Operator" does not render him the "operator" contemplated by decades of maritime jurisprudence. Instead, Plaintiff alleges that Kenneth Noel "was driving the vessel with the assistance and guidance of [Devin Noel] under extreme conditions…making the vessel unseaworthy…," that he "was driving the vessel at an excessive rate of speed…," and that he "continue[d] to operate the vessel wildly and dangerously." (¶16-18). These allegations illustrate the alleged fault of a vessel captain and crewmember. Absent allegations of an intentional tort, Plaintiff should not be permitted to proceed against the individual defendants.

That an individual—not the two named employing entities, Southern Alabama and Crescent Marine—was an "operator" for purposes of liability is contrary to Plaintiff's own allegation that Southern Alabama and Crescent Marine operated the joint dredging operation (¶11) and defies logic. That Plaintiff (perhaps artfully) did not identity either Southern Alabama or Crescent Marine as the formal operating entity does not save his claims against the individual defendants. Plaintiff's claims against the individual defendants should be dismissed.

## II.  Venue and Motion to Transfer Venue to Eastern District of Louisiana.

Defendants next move to dismiss on the grounds of improper venue, arguing that dismissed individual defendants (residents within this District) renders venue in this District improper. In considering a motion to dismiss for improper venue under F.R.C.P. Rule 12(b)(3), the court may consider (1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Ambraco, Inc. v. Bossclip B.V.,* 570 F.3d 233, 238 (5th Cir. 2009). The court must review all facts in the light most favorable to the plaintiff. *Id.* at 237. If the court finds that venue is improper, §1406(a) requires the court to "dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

5

### A. <u>Whether venue is proper in this District.</u>

28 U.S.C. § 1391(b) establishes three categories of proper venue:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, "an entity with the capacity to sue and be sued in its common name under applicable law, whether or not incorporated, shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." §1391(c)(2). "[V]enue [is] determined at the outset of litigation and [is] not affected by subsequent events." *Moler v. Wells*, 18 F.4th 162, 166 (5th Cir. 2021), quoting *Smilde v. Snow*, 73 F. App'x 24, 26 (5th Cir. 2003) (unpublished); *Horihan v. Hartford Ins. Co. of the Midwest*, 979 F. Supp. 1073, 1076 (E.D. Tex. 1997).

According to Louisiana Secretary of State Records, at the time of their registrations in 2019 and 2020, respectively, both Southern Alabama's and Crescent Marine's registered offices were in New Orleans, in the Eastern District. Both

6

entities had two members: Kenneth Noel, whose address was listed as Arnaudville (Western District), and Lawrence Blake Jones, whose address was listed as New Orleans. Mr. Jones resigned as member of Crescent Marine in April 2023 (before this suit was filed), and from Southern Alabama in May 2024 (after this suit was filed). Crescent Marine changed its address to Arnaudville (in this District) in July 2021 (before this suit was filed). (Rec. Doc. 49-2; 49-3). Thus, at the time the action was commenced in February 2024,[1] the Noels and Crescent Marine were subject to personal jurisdiction and resided in the Western District. Venue in this district is proper.

### B. Whether to Transfer to the Eastern District

Defendants alternatively seek a transfer to the Eastern District, where Alabama Southern and Crescent had their principal places of business. 28 U.S.C. §1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." The movant must show good cause by showing "that the transferee venue is clearly more convenient." *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 315

---

[1] Defendants erroneously state in their supporting memorandum that the suit was filed in 2021. Plaintiff alleges the accident occurred on February 3, 2021. Suit was filed on February 1, 2024.

(5th Cir. 2008). In determining whether transfer is proper under §1404(a), the court must consider the following private interest factors: (1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id*. quoting *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir.2004). The court must also consider the following public interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.*

Neither private nor public interest factors support transfer. Plaintiff and the sole remaining member of both Alabama Southern and Crescent Marine reside in this District. According to the Louisiana Secretary of State public records, both Alabama Southern and Crescent Marine appear to be defunct, and, in any event, Crescent Marine's most recent domicile was in this district. Otherwise, Defendants presented no evidence regarding the location of witnesses or evidence or how the Eastern District could be clearly more convenient than this District. Accordingly, the Court finds that §1404(a) does not support a transfer in this case.

## **Conclusion**

For the reasons discussed herein, the Court recommends that Defendants' Rule 12(b)(6) and Rule 12(b)(3) Motion to Dismiss, Alternative Motion to Transfer, (Rec. Doc. 49) be GRANTED IN PART AND DENIED IN PART. The motion should be granted to dismiss individual defendants, Kenneth Noel and Devin Noel. The motion should be denied regarding venue and transfer.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 13th day of January, 2026.

_____
CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE