**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **JORDAIN BRASSEAUX** | **CASE NO.  6:24-CV-00144** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **SOUTHERN ALABAMA MARINE LOGISTICS L L C ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## <u>SCHEDULING ORDER</u>

The following case-specific deadlines are hereby set in accordance with Fed. R. Civ. P. 16(b):

| | |
|---|---|
| BENCH TRIAL: | July 12, 2027 at 9:30 a.m. in Lafayette before JUDGE Robert R. Summerhays. (Counsel shall report to the judge's chambers thirty minutes prior to the start of trial.) |
| PRETRIAL CONFERENCE ("PTC"): | June 22, 2027 at 10:00 a.m. in chambers in Lafayette before JUDGE Robert R. Summerhays. |

---

| PRETRIAL DEADLINES: | | FOR: |
|---|---|---|
| 3/3/2026<br>21 days after the date of the scheduling order | 1. | **Initial Disclosures.**  *See* Fed. R. Civ. P. 26(a)(1). Under Rule 26(a)(1)(D), "A party that is first served or otherwise joined after the Rule 26(f) conference must make the initial disclosures within 30 days after being served or joined. . . ." |
| 3/9/2026<br>25 days after the date of the scheduling order | 2. | **Rule 26(f) Conference of Parties.**  *See* Fed. R. Civ. P. 26(f).  Note:  No discovery may take place before the conference absent agreement of the parties or court order. Fed. R. Civ. P. 26(d)(1). |
| 3/31/2026<br>49 days after the date of the scheduling order | 3. | **Rule 26(f) Report to Court.**  The format for this report is available at <u>http://www.lawd.uscourts.gov</u>. |
| 12/24/2026<br>180 days before the PTC | 4. | **Joinder of Parties and Amendment of Pleadings.**  *See* Fed. R. Civ. P. 14 and 15. |

-1-

| | | |
|---|---|---|
| Within five days of receipt | 5. | **Copies of Reports of Treating Physicians.**  Copies of such reports are to be furnished to opposing counsel, not filed in the record.  This Court need not be notified when such reports are furnished. |
| 11/24/2026<br>210 days before the PTC | 6. | **Plaintiff's Expert Reports/Disclosures.**  See Fed. R. Civ. P. 26(a)(2). Counsel are cautioned that failure to disclose expert testimony in conformity with Fed. R. Civ. P. 26(a)(2) may result in sanctions. See Fed. R. Civ. P. 37(c)(1). |
| 12/24/2026<br>180 days before the PTC | 7. | **Defendant's Expert Reports/Disclosures.**  See Fed. R. Civ. P. 26(a)(2). Counsel are cautioned that failure to disclose expert testimony in conformity with Fed. R. Civ. P. 26(a)(2) may result in sanctions. See Fed. R. Civ. P. 37(c)(1). |
| 1/25/2027<br>150 days before the PTC | 8. | **Discovery Completion and Discovery Motions.**  This is the deadline for completion of all discovery and for submission of any discovery motions (e.g., motions to compel). This discovery deadline includes production of surveillance evidence, unless the parties opted in to the Lafayette Division's former surveillance evidence procedure in their Rule 26(f) report. (Leave of court must be obtained before taking the deposition of a surveillant.) A discovery request will be deemed untimely unless the response to that request would be due before the discovery deadline. |
| 2/22/2027<br>120 days before the PTC | 9. | **Dispositive Motions.**  Dispositive motions must be filed by this date. |
| 2/22/2027<br>120 days before the PTC | 10. | ***Daubert* Motions.**  *Daubert* motions must be filed by this date.  *Daubert* motions are challenges to expert testimony and exhibits or demonstrative aids based upon grounds that they are not relevant or reliable under the standards set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137 (1999). |

| | | |
|---|---|---|
| 5/24/2027<br>30 days before the PTC | 11. | **Motions in Limine.**  Motions in limine must be filed by this date. Any response must be filed within seven (7) days. |
| | | Note: Motions in limine shall only be filed pertaining to issues: (i) amenable to pre-trial determination by the Court, (ii) which cannot adequately be resolved by contemporaneous objection or at sidebar during trial, and (iii) which seek exclusion of evidence so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.  Motions in limine that do not meet these criteria will be summarily denied and the issues raised therein reserved for trial. |
| 5/24/2027<br>30 days before the PTC | 12. | **Meeting of Counsel to Complete the Pretrial Order.**  This meeting must include all TRIAL counsel, but may be by telephone unless otherwise ordered by this Court. |
| 6/8/2027<br>14 days before the PTC | 13. | **Joint Pretrial Order.**  The joint pretrial order (and all required attachments) must be filed with the Clerk of Court by this date.  A fillable form for this report is available at http://www.lawd.uscourts.gov.  A copy of the pretrial order (and all required attachments) must be submitted via e-mail to Judge Summerhays at summerhays_courtesycopies@lawd.uscourts.gov  in Word format. |
| | | For Jury Trials:<br>a.  A single jointly-submitted set of jury instructions and a single jointly-submitted jury interrogatory form must be attached to the pretrial order.<br>b.  Any dispute concerning a jury instruction or interrogatory must be noted, with proper page-specific cites to the jurisprudence being relied upon to support each party's position.  If the dispute is one of fact to be proven at trial, the fact at issue shall be identified, and the language for an instruction supporting each factual scenario shall be attached noting its application to that fact, if found.  The parties must be prepared to discuss disputes |

as to jury instructions and jury interrogatories at the pretrial conference.

c. Jury instructions taken from the Fifth Circuit Pattern Instructions, or the Louisiana Pattern Civil Jury Instructions (see 18 La. Civ. L. (section symbol) 1:1, et seq.), may be identified by number only and citation to the edition of the volume used.

d. Proposed voir dire questions specific to a party or issue must be attached to the pretrial order. Copies of boiler plate voir dire may be obtained on our website, at www.lawd.uscourts.gov. Counsel shall not duplicate the Court's boiler plate voir dire.

For Bench Trials:

Each party's proposed findings of fact and conclusions of law must be attached to the pretrial order. The conclusions of law from plaintiff are to contain each claim made against each defendant, the remedy or remedies sought, the basis in law relied upon for those claims and remedies, and any jurisprudential gloss upon any statute or code article relied upon with the page cite of the specific language relied upon supporting or interpreting each of plaintiff's claims and remedies. Plaintiff is to cite the standard or burden of proof it must prove as to each claim, including any right to attorneys' fees. Defendants are to respond to plaintiff's claims in the same format, if possible, and additionally cite any affirmative defenses relied upon with the same level of specificity required for plaintiff (i.e., basis in law, jurisprudential gloss, etc.)

6/8/2027
14 days before the PTC

14. **Bench Books.** The parties shall deliver ONE set of bench books and ONE USB flash drive containing proposed exhibits to Judge Summerhays' chambers for use by the Judge and law clerk at trial. Bench books may be either joint or individual. The bench books should be tabbed and indexed with a cover sheet on which each party is to state all objections to the admissibility of exhibits. Another copy of the bench books shall be placed at the witness stand on the morning of the trial for use by testifying witnesses. The parties shall submit ONE USB flash drive to the

-4-

| | | |
|---|---|---|
| | | Courtroom Deputy by the end of trial. (A separate flash drive required for audio/video exhibits). |
| 6/8/2027<br><br>14 days before the PTC | 15. | **Trial Depositions.**  All depositions to be used at trial, including video depositions, shall be edited to remove nonessential, repetitious, and unnecessary material, as well as objections and colloquy of counsel.  A copy of any edited trial depositions (paper or video for non-jury trials; video for jury trials are preferred) shall be included in the bench books. All objections thereto must be filed and briefed by this deadline. Objections to deposition testimony will be waived unless submitted along with the deposition transcripts. |
| 6/15/2027<br><br>7 days before the PTC | 16. | **Affirmation of Settlement Discussions.**  On or before this date, with or without a third-party mediator, *counsel* must meet in person (unless prior permission otherwise is obtained from the court) and conduct settlement discussions and negotiations. (*Parties* must participate either in person or by telephone.) An affirmation must be filed with the Clerk of Court by this date, setting forth the date counsel conducted settlement discussions. The affirmation should <u>not</u> disclose any monetary amounts discussed |
| 6/28/2027<br><br>14 days before the Trial | 17. | **1.  Real-time glossary:**  A real-time glossary must be submitted to **lawd_realtime@lawd.uscourts.gov.  14 days before trial regardless of whether you are requesting real-time reporting services.**  See **Court Reporters & Transcripts | Western District of Louisiana | United States District Court** for an example.<br><br>**2.  Real-time reporting services:**  Requests for uncertified, real-time translation services must also be submitted to **lawd_realtime@lawd.uscourts.gov**<br><br>The glossary shall contain all "key word indexes" from all depositions taken in the case, all witness lists, all exhibit lists, and copies of all expert reports. |

A copy of any dispositive motions, *Daubert* motions, or motions in limine, as well as a copy of the pretrial order (with all required attachments) shall be **e-mailed to Judge Summerhays** at summerhays_courtesycopies@lawd.uscourts.gov in Word format.

All matters that must be exchanged among counsel must be exchanged by hand delivery or certified mail, unless all counsel agree otherwise, IN WRITING, or unless this Court orders otherwise.

All deadlines in this order are case specific and override any deadlines for the same matter found in an applicable rule of civil procedure.  All other deadlines in the Federal Rules of Civil Procedure shall govern this case and shall be enforced by this Court.  Counsel should note Rule 26 and Rule 37(c)(1).

This Court will enforce Fed. R. Civ. P. 30, particularly Rule 30(a)(2)(A) (the ten-deposition rule) and Rule 30(d)(1) (the rule limiting depositions to one day/seven hours), absent written stipulation of the parties or court order.  This Court shall enforce Rule 26 unless changed by this case-specific order or by subsequent court order.

Signed at Lafayette, Louisiana, on this 10th day of February, 2026.

BY DIRECTION OF THE COURT
Daniel J. McCoy, Clerk

BY: s/Chrissy Craig
Deputy Clerk

## PRETRIAL ORDER REQUIREMENTS

### United States District JUDGE Robert R. Summerhays

1.      **Jurisdictional Basis.**

The jurisdictional basis for all claims shall be explained.

2.      **Claims and Responses.**

Any party asserting a claim shall identify the following, as to each claim:  (1) the law and any contractual provision supporting the claim; (b) the remedy prayed for as to each defendant; and (c) the law supporting that remedy as to that defendant.  This requirement applies to all counterclaims, cross-claims, third-party claims, and interventions, and the parties shall state whether they have stipulated to any intervention.

Each party against whom a claim has been asserted shall provide the following information: (a) the basis or lack thereof for each claim; (b) all affirmative defenses asserted and the legal bases therefor; (c) whether the dispute in question is one of law, fact, or contractual interpretation; and (d) the law supporting the responses.

If a bench trial is scheduled, the information regarding claims and responses contained in this section shall be supplemented by page-specific citations to supporting jurisprudence as to each claim, remedy, defense, and allegation.

FAILURE TO INCLUDE A CLAIM OR DEFENSE IN THIS ORDER WILL CONSTITUTE ABANDONMENT OF THE CLAIM OR DEFENSE.

3.      **Issues of Fact and Issues of Law.**

Identify any TRUE issues of fact or law that remain unresolved as of the pretrial conference.

**4.      Stipulations.**

List any matters to which the parties have stipulated.  Counsel are encouraged to stipulate to as many factual and legal issues as possible in the interest of reducing costs and delays at trial.  If the matter will be tried to a jury, counsel shall state whether the stipulations are to be read to the jury.

**5.      Will Call Witnesses.**

Each party shall set out a will call witness list that conforms to the requirements of Fed. R. Civ. P. 26(a)(3)(A) and include a brief summary (no more than two to three sentences) of the subject matter to which each witness will testify. Witnesses who are called exclusively for impeachment need not be listed.  Counsel are to omit or redact any personal identifiers, in conformity with Fed. R. Civ. P. 5.2 and LR 5.7.12.

**6.      May Call Witnesses.**

Each party shall set out a may call witness list that conforms to the requirements of Fed. R. Civ. P. 26(a)(3)(A) and include a brief summary of the subject matter to which each witness will testify. Counsel are to omit or redact any personal identifiers, in conformity with Fed. R. Civ. P. 5.2 and LR 5.7.12.

**7.      Exhibits.**

Each party shall set out an exhibit list, identifying the exhibits the party will use at trial, including demonstrative or summary exhibits, and conforming to the requirements of Fed. R. Civ. P. 26(a)(3)(A)(iii).  Counsel are to omit or redact any personal identifiers, in conformity with Fed.R.Civ.P. 5.2 and LR 5.7.12.

**8.      Objections to Witness and Exhibit Lists.**

Each party shall list any objections to the witness or exhibits lists of another party, including those objections contained in Fed. R. Civ. P. 26(a)(3)(B).  ANY OBJECTIONS NOT SPECIFICALLY STATED IN THE PRETRIAL ORDER ARE DEEMED WAIVED UNLESS EXCUSED BY THE COURT FOR GOOD CAUSE SHOWN.  If an exhibit has been objected to, a copy of the disputed exhibit must be made available for review at the pretrial conference.

-3-

**9.     Counsel Affirmations.**

Counsel for each party shall affirm:

a.      That he or she is aware that exhibits are to be published to the jury by use of the Visual Presenter or a portable data storage device (e.g., flash drive, CD-ROM, etc.) unless consent of this Court is obtained upon a showing of impracticality or prejudice.

b.      That he or she is familiar with the operation of the electronic equipment available in the courtroom, or note the date he or she has scheduled with the Electronic Coordinator for the Western District of Louisiana for training.

c.      That good faith settlement negotiations have been engaged in within one week prior to the pretrial conference.

d.      The need, if any, for handicap provisions that are provided by the Court.